IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMY BATES and JANET DEERING, on
behalf of themselves and all similarly-
situated persons,

                Plaintiffs,

v.                                          Case No. _____

DELAWARE HEALTH CORPORATION         COMPLAINT –
d/b/a HARBOR HEALTHCARE AND         COLLECTIVE ACTION
REHABILITATION CENTER, CADIA        AND CLASS ACTION
HEALTHCARE and HOOSIER CARE INC.,
                                    **Jury Trial Demanded**
                Defendants.
_____/

## INTRODUCTION

1.    This action is commenced by the named Plaintiffs on their own behalf and on behalf of all other similarly-situated current and former non-exempt employees of Defendants who have worked as certified nursing assistants at the Harbor Healthcare and Rehabilitation Center in the three (3) years prior to the filing of this complaint, to recover unpaid wages and overtime compensation, plus an additional equal amount of liquidated damages, under the Fair Labor Standards Act of 1938, as amended by the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiffs also bring claims for unpaid wages, plus additional damages owed, under the Delaware Wage Payment and Collection Law, 19 Del. C. § 1101, et seq., on behalf of themselves and a class consisting of all similarly-situated certified nursing assistants performing non-exempt work for Defendants at Harbor Healthcare and

1

Rehabilitation Center. With respect to all these claims, Plaintiffs seek payment of their reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 29 U.S.C. § 216. The Court has jurisdiction over Plaintiffs' state law wage claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district, the Plaintiffs reside in this district and the events giving rise to these claims occurred in this judicial district.

## PARTIES

4. Plaintiff Amy Bates is a natural person and a resident of Millsboro, in the County of Sussex, Delaware.

5. Plaintiff Janet Deering is a natural person and a resident of Millsboro, in the County of Sussex, Delaware.

6. Defendant Delaware Health Corporation ("DHC") is a corporation organized under the laws of Delaware, with its principal place of business in Delaware. At all times mentioned hereinafter, Defendant DHC employed the named Plaintiffs and others similarly-situated as certified nursing assistants at its Harbor Healthcare and Rehabilitation Center (hereinafter "the Center") in Lewes, Delaware.

7. Defendant Cadia Healthcare is a corporation organized under the laws

of Pennsylvania, with its principal place of business in Delaware. At all times mentioned hereinafter, Defendant Cadia Healthcare has been involved in the ownership and/or management of nursing home facilities in the State of Delaware and has had a contract with Defendant DHC to manage the Center owned by Defendant DHC in Lewes, Delaware.

8. Defendant Hoosier Care Incorporated is a corporation organized under the laws of Delaware, with its principle place of business in Pennsylvania. At all times mentioned hereinafter, Defendant Hoosier Care has been related to Defendant DHC through common membership, governing bodies, trustees, officers, etc.

9. Upon information and belief, Defendants share common management, including oversight and management by a common group of directors, and as such, are the employer (single, joint or otherwise) of Plaintiffs and plaintiff class members and/or are alter egos of each other.

10. Defendants are, and at all times material to this action were, enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. Defendants are, and at all times material to this action were, enterprises engaged in commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

12. Defendants are, and at all times material to this action were, employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and

19 Del. C. § 1101(a)(4).

13. At all times material to this action, the named Plaintiffs were employed as certified nursing assistants and were employees of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and 19 Del. C. § 1101(a)(4).

14. Plaintiffs seek to maintain this action as a collective action pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b). Consents to Join Action executed by the named Plaintiffs are attached hereto.

15. Plaintiffs seek to maintain the Delaware state law claims asserted as a class action pursuant to Fed. R. Civ. P. 23.

### FACTS COMMON TO ALL CAUSES OF ACTION

16. Since 1996, Defendants have employed Plaintiff Amy Bates as a certified nursing assistant (hereinafter "CNA") at the Center. At all times material to this action Defendants did not classify her as exempt, and she did not perform any work that was of a *bona fide* executive, administrative or professional nature, or that would otherwise exempt her from the application of the Fair Labor Standards Act or the Delaware Wage Payment and Wage Collection Act.

17. Since 2007, Defendants have employed Plaintiff Janet Deering as a CNA at the Center. At all times material to this action Defendant did not classify her as exempt, and she did not perform any work that was of a *bona fide* executive, administrative or professional nature, or that would otherwise exempt her from the

application of the Fair Labor Standards Act or the Delaware Wage Payment and Wage Collection Act.

18. At all times material to this action, Defendants have maintained a centralized payroll operation for all its CNAs, and have applied the same payroll policies to all CNAs at the Center.

19. At all times material to this action, Defendants have maintained a place at the Center at which they post notices relating to employment that are required by federal and state law.

20. Approximately one hundred (100) CNAs work for or have worked for the Defendants at the Center in the last three (3) years.

21. Plaintiffs' jobs require them to have valid certification to provide nursing assistance in the state of Delaware.

22. At the beginning and end of each shift, CNAs are required to clock-in and out on an electronic scanner located near the employee entrance to the Center.

23. During each shift, CNAs are purportedly entitled to a 30-minute unpaid meal break. They are not supposed to, and do not, clock-in and out for meal break time.

24. CNAs are responsible for the personal care of the Center's residents, and their duties include feeding, bathing, grooming, dressing, and transporting residents, as well as maintaining records on the residents' health status.

25. Given the demands of the nursing home industry and staffing shortages

at the Center, Defendants know that in order to complete all of their assigned tasks during scheduled shift time, Plaintiffs and class members must perform work duties during the time deducted for their one half-hour unpaid "meal breaks."

26. During each shift, Plaintiffs and members of the plaintiff class perform compensable work during their entire shift. Plaintiffs are purportedly entitled to an uninterrupted 30-minute meal break. However, Plaintiffs do not and are not allowed to clock-in and out for this meal break time.

27. Defendants' human resources policies provide that meal break times will be scheduled on the basis of the work requirements of their work area. However, Plaintiffs do not have scheduled meal break times. Plaintiffs have been told by management at the Center that they should "work out" amongst themselves their meal break times. Plaintiffs have also been told by RNs at the Center that, if they are sitting in designated break areas behind the nurses' station on each unit, they are "fair game." This means that they may be called off their break at any time to assist a resident or another Center employee. CNAs are in fact regularly paged or otherwise interrupted by RNs or other Center employees while sitting in break areas.

28. Since at least 1996, Defendants have automatically deducted 30 minutes from each CNA's shift for the purported meal break.

29. Defendants' policy and practice of automatically deducting 30 minutes from each CNA's shift has and continues to result in CNAs not being paid for all time worked, in that they are shorted in their pay by 30 minutes each shift.

6

30. Plaintiffs, and each of them, as well as other CNAs working at the Center, have repeatedly complained to their supervisors about the automatic deduction policy and their inability to take 30-minute meal breaks.

31. Despite these repeated complaints, Defendants have continued to automatically deduct 30 minutes from each CNA shift, purportedly for an unpaid meal break.

32. Defendants have had and continue to have a policy of requiring CNAs perform work for all time they are on the clock, including during their purported "meal break" periods, but Defendants do not pay them for all hours worked, nor are they paid at time and one-half for this work when it causes CNAs to work overtime.

33. Documentation and records concerning the number of hours actually worked by CNAs and the compensation actually paid to CNAs are in the possession custody or control of Defendants. Defendants maintain the automatic meal break deduction policy despite having no records reflecting whether meal breaks were actually taken or for how long they lasted.

**COUNT I
VIOLATION OF THE FLSA
[29 U.S.C. § 201 *et. seq.*]**

34. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in Paragraphs 1 through 33, as though fully set forth herein.

35. Plaintiffs bring this claim on behalf of themselves and all similarly-

situated employees, including all current and former non-exempt employees of Defendant who were or are employed as CNAs at the Center in the three years preceding the filing of this complaint, and who were not paid at time and one-half for all hours worked over 40 hours per workweek or for overtime calculated pursuant to 29 U.S.C. § 207(j).

36. Under Section 7(a) of the FLSA, 29 U.S.C. § 207(a), Defendants were required to pay the named Plaintiffs and all similarly-situated employees time-and-one-half compensation for their hours worked in excess of 40 per workweek or for overtime calculated pursuant to 29 U.S.C. § 207(j).

37. Defendants have had and continue to have a policy against paying for time spent performing work during purported meal breaks, and against paying overtime for such work when it causes the certified nursing assistants to work hours in excess of 40 per workweek or as overtime calculated pursuant to 29 U.S.C. § 207(j), and have refused to pay the required wages.

38. Defendants have violated, and continue to violate, the requirements of the FLSA, by failing to pay their certified nursing assistant employees for time and one-half for all hours worked in excess of 40 in a workweek or as overtime calculated pursuant to 29 U.S.C. § 207(j), including the time spent performing work during meal break periods.

39. The named Plaintiffs and all members of the plaintiff class are entitled to be paid at one and one-half their regular rate of pay for those hours worked in

excess of 40 hours in a workweek or for overtime calculated pursuant to 29 U.S.C. § 207(j).

40.  Defendants' actions were willful as evidenced by its failure to pay the named Plaintiffs all wages due, including overtime, when Defendants knew, or should have known, that such wages were due.

41.  At all times material hereto, Defendants failed to maintain proper time and payroll records as required by Section 211(c) of the FLSA, 29 U.S.C. § 211(c), prepared false W-2 forms and failed to make legally required payments for Social Security and Medicare on behalf of Plaintiffs and members of the plaintiff class as mandated by the FLSA.

42.  Defendants have failed to properly disclose or apprise Plaintiffs and the plaintiff class of their rights under the FLSA.

43.  Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and all similarly-situated employees are entitled to an additional equal amount as liquidated damages pursuant to Section 216(b) of the FMLA, 29 U.S.C. § 216(b).

44.  The named Plaintiffs and all members of the plaintiff class are entitled to an award of their reasonable attorney's fees and costs under Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

45.  The named Plaintiffs and all members of the plaintiff class are entitled to injunctive relief ordering Defendants to cease its practices of automatically deducting meal break periods, and of falsifying payroll records and to keep accurate

records of employees' working time under Section 211(c) of the FLSA, 29 U.S.C. § 211(c).

## COUNT II
## VIOLATION OF DELAWARE WAGE PAYMENT AND COLLECTION LAW
### [19 Del.C. § 1101, et seq.]

46. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in Paragraphs 1 through 45, as though fully set forth herein.

47. Defendants' failure to ensure that Plaintiffs and members of the plaintiff class take *bona fide* meal breaks violates 19 Del. Code § 707(a), which requires that employers allow employees an unpaid meal break of at least thirty (30) consecutive minutes if those employees will work seven and one-half (7 ½) consecutive hours, and that during the break, employees be completely relieved of duty.

48. Instead, Plaintiffs and members of the plaintiff class performed work during their meal breaks for which they were not paid.

49. Under the Delaware Wage Payment and Collection Law, Defendants were required to pay the named Plaintiffs and all employees similarly-situated for all time worked and at time and one-half for their hours worked as overtime.

50. Defendants have had and continue to have a policy against paying for all time worked, and have refused to pay the wages due and required overtime.

51. Defendants' actions violate 19 Del. C. § 1102 by failing to pay Plaintiffs

10

for all time worked within a certain period after the work was performed.

52. Defendants' actions have been willful and not in good faith as evidenced by its failure to pay the named Plaintiffs wages and overtime when Defendants knew, or should have known, that such wages were due.

53. At all times material hereto, Defendants failed to maintain proper time and payroll records as mandated by 19 Del. C. § 1108.

54. Plaintiffs are entitled to all wages, including overtime wages, owed to them, pursuant to 19 Del.C. § 1102; liquidated damages pursuant to 19 Del. C. § 1113(a); and Plaintiffs' reasonable attorneys' fees, costs and expenses, pursuant to 19 Del. C. § 1113(c).

## CLASS ACTION ALLEGATIONS

55. Plaintiffs bring this cause of action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56. The Class consists of all persons previously and/or currently employed by Defendant as CNAs at the Center during the applicable time period, who were not paid for all hours worked and/or were not paid an overtime wage when applicable.

57. Plaintiffs allege on information and belief that the Class consists of approximately one hundred (100) current and former employees of Defendants at the Center and as such, all members cannot practically be joined as named parties herein.

58. This action involves substantial questions of fact and/or law common to the claims of the Class, including, but not limited to, whether Defendants have had a practice and policy of suffering and permitting employees to perform work during purported "meal breaks," whether Defendants wrongly deduct 30 minutes from the time worked in each shift as an unpaid meal break; and whether Defendants have knowingly kept inaccurate time records.

59. Plaintiffs' claims are typical of the claims of the Class. Each Plaintiff has worked hours for which they were not paid on the same grounds applicable to all members of the Class.

60. Plaintiffs' claims are based on the same facts as those of the other members of the proposed Class.

61. Plaintiffs will fairly and adequately protect the interests of the Class.

62. Plaintiffs have no interests that are antagonistic to the interests of the Class as a whole. They are committed to the vigorous prosecution of this action and have retained competent attorneys who are experienced in wage and hour law and class action litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly-situated persons, pray for the following relief:

1. Enter judgment against Defendants for all unpaid overtime compensation found due to the named Plaintiffs and all similarly-situated employees

as a result of Defendants' violations of 29 U.S.C. § 207(a) and § 207(j), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

2. Enter judgment against Defendants for all unpaid wages, including overtime compensation, found due to the named Plaintiffs and all similarly-situated employees as a result of Defendants' violations of 19 Del. C. § 1102 and § 1108, plus an additional amount of liquidated damages pursuant to 19 Del. C. § 1113(a);

3. Certify this action as a Collective Action pursuant to FLSA Section 216(b), 29 U.S.C. § 216(b).

4. Certify this action as a Class Action, and appoint Plaintiffs as the representatives of the Class and the undersigned attorneys as Class Counsel;

5. Order that Defendant cease and desist violating the FLSA and the Delaware Wage Payment and Collection Law;

6. Order that Defendant keep accurate records of all time worked by its employees;

7. Award Plaintiffs the costs of this action and their reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b), and 19 Del. C. § 1113(c); and

8. Award Plaintiffs any other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: May 24, 2011

Respectfully submitted,

/s/ Stephen J. Neuberger

Thomas S. Neuberger
Delaware Bar ID 243
Stephen J. Neuberger
Delaware Bar ID 4440
The Neuberger Firm
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
(302) 655-9329 (Fax)
TSN@neubergerlaw.com
SJN@neubergerlaw.com

_____

Mark Hanna, *Pro Hac Vice Pending*
Renee M. Gerni, *Pro Hac Vice Pending*
MURPHY ANDERSON PLLC
1701 K Street NW, Suite 210
Washington, DC 20006
(202)223-2620
(202)223-8651 (Fax)
mhanna@murphypllc.com
rgerni@murphypllc.com

*Attorneys for Plaintiffs*