IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMY BATES, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 11-452-RGA |
| | : | |
| DELAWARE HEALTH CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Thomas Neuberger, Esq., Wilmington, Delaware, Michael Anderson, Esq. (argued), Washington, D.C.; Attorneys for the Plaintiffs.

Scott A. Holt, Esq. (argued), Wilmington, Delaware; Attorney for the Defendant.

July 5, 2012
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Before the Court is the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (D.I. 9).

The Complaint has two counts. The first count claims violations of the Fair Labor Standards Act (FLSA). The Court has subject matter jurisdiction over this Count, and defendants do not argue otherwise. (D.I. 9, n.1). The second count claims violations of the Delaware Wage Payment and Collection Law, 19 Del. C. § 1101 *et seq*. This count is a state law claim.

Both counts are based on allegations that the plaintiffs, who are certified nursing assistants, were forced to work through their half-hour lunch breaks, without pay, causing violations of both federal and state law. The Fair Labor Standards Act requires overtime pay for certain employees when they work in excess of 40 hours per week. Some of the forced work through the lunch break, for which the plaintiffs received no pay, is work in excess of 40 hours per week, for which the plaintiffs are entitled to overtime pay under the FLSA. All of the forced work through the lunch break is time for which the plaintiffs should have received at least regular wages.

Since there is a federal claim over which the Court has jurisdiction, the Court would usually exercise supplemental jurisdiction over the state law claims of the second count. *See* 28 U.S.C. § 1367. The Defendants argue, not without some force, that the Court should decline to exercise supplemental jurisdiction, citing § 1367(c), which allows the Court to decline supplemental jurisdiction over a state law claim when "the claim raises a novel or complex issue of State law," § 1367(c)(1), or when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." §1367(c)(2). The Defendants also

2

rely upon *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003).

The decision whether to exercise supplemental jurisdiction is a discretionary one. *Id.* at 311. In *De Asencio*, the Third Circuit held that the District Court had abused its discretion in exercising supplemental jurisdiction. Thus, it is worth closely examining *De Asencio*.

*De Asencio* had a lot of similarities with the present case, although there are also some differences. The major similarity was that the lawsuit (which was brought by hourly workers at two chicken-processing plants) involved claims under the FLSA and Pennsylvania's Wage Payment and Collection Law relating to activities ("donning and doffing") associated with meal breaks. Further, class action status was sought for the state law claims. There were potentially 3,400 class members, about 15% of which elected to "opt-in" to the FLSA action. The FLSA class was eventually finalized at 447 members. After discovery was closed, and with the passage of significant time, the plaintiffs moved to certify the class action status of the state law claims. The plaintiffs – during the class certification process – asserted a new theory that the state law claims were premised on an implied contract between the employer and the employees. The district court certified the state law claims class, then consisting of about 4,100 persons. The matter came before the Third Circuit on an interlocutory appeal.

The Court of Appeals held, "The dispositive provision here appears to focus on whether the state-law action substantially predominates over the FLSA action." *Id.* at 309. In holding that it did, the Court noted that the state law claims depended upon a contractual obligation to pay wages for doffing and donning, that there was no written contract, and that whether an "implied oral contract" could be the basis for a claim under Pennsylvania's Wage Payment and Collection Law was a novel question of Pennsylvania law. The Court noted that the "implied

oral contract" issue would "require additional testimony and proof to substantiate beyond that required for the FLSA action." *Id.* at 310. In analyzing the relevant federal and state interests, the Court stated, "the disparity in numbers here gives us pause. . . . [T]he sheer difference in numbers between the two prospective classes, 447 as opposed to 4,100, may constitute substantial predomination by the state [action]." *Id.* The Court further noted that there were "two novel and complex questions of state law squarely presented here: whether a WPCL action may rest on an implied employment contract that relies on alleged oral representations by [the employer's] managers; and whether the WPCL pertains to at will, non-collective bargaining employees." *Id.* at 311. In regard to these novel issues, the Court also noted that it might require individual decisions for each employee as to whether the employee and the employer intended to form a contract. *Id.*

There are significant differences between *De Asencio* and this case. This case is still at the initial pleading stage. Thus, the record is much less developed. Nevertheless, it seems safe to say that, while there is an interesting legal issue about how Delaware's "meal break" statute, 19 Del. C. § 1707, should be interpreted, which would have some impact on the state law issues, there is no "implied oral contract" issue. The allegation is that Delaware law gives the employees a statutory right to a thirty-minute break. It does not depend on any contract, written or oral. Further, Delaware has a fairly robust procedure for getting timely rulings on novel state law questions. The Delaware Constitution gives the Delaware Supreme Court jurisdiction "[t]o hear and determine questions certified to it by . . . a United States District Court . . . where it appears to the Supreme Court that there are important and urgent reasons for an immediate determination of such questions by it." DEL. CONST., Art. IV, § 11(8). "Without limiting the

Court's discretion to hear proceedings on certification, the following illustrate reasons for accepting certification: (i) Original question of law. The question of law is of first instance in this State . . . ." DEL. SUP. CT. R. 41. I believe the Delaware Supreme Court would accept and promptly decide a properly certified question. Further, if, in the exercise of its discretion, the Court did not, there does not appear to be any reason the § 1367(c) determination could not be revisited at, for example, the time when class certification is sought.

It is also relevant that numbers involved in this case are more favorable for the Plaintiffs. There appear to be about 60 individuals who would be part of the FLSA class at this point.[1] The potential state law class was estimated by Plaintiffs as being about 100. (*See* D.I. 13, p.11, citing the Complaint, D.I. 1, ¶ 57). Thus, the FLSA class seems to be well more than half of the potential state class.

There is, in my opinion, much less of a showing that the state law claims predominate over the FLSA action than there was in *De Asencio*, and the only issue that favors declining jurisdiction can, I believe, be satisfactorily and finally resolved before the question of class certification ever arises. Thus, I will deny the Defendant's Motion to Dismiss.

---

[1] *See* D.I. 20, 22-40, 45, 46-47, 50-51, 54, 57-59, 62-67. There are fifty individuals listed in the caption of D.I. 52, and ten individuals have opted in since its filing.