**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

AMY BATES and JANET DEERING, on behalf of
themselves and all similarly-situated persons,

                Plaintiffs,

  v.                                       C.A. No. 11-cv-00452 RGA

DELAWARE HEALTH CORPORATION d/b/a
HARBOR HEALTHCARE AND
REHABILITATION CENTER, CADIA
HEALTHCARE and HOOSIER CARE INC.,

                Defendants.
_____/

**CORRECTED STIPULATION AND ORDER FOR ENTRY OF JUDGMENT**

     Pursuant to Fed. R. Civ. P. 58 and 68, the parties hereby stipulate and agree, subject to

the approval of the Court, that judgment in this matter shall be entered as follows:

     1.     That judgment be entered against Defendants in favor of Plaintiff Carolyn Bess, in satisfaction of all claims asserted by Plaintiff Bess in the above-captioned action in the amount of $150.00, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

     2.     That judgment be entered against Defendants in favor of Plaintiff Caroline Carey, in satisfaction of all claims asserted by Plaintiff Carey in the above-captioned action in the amount of $503.13, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

     3.     That judgment be entered against Defendants in favor of Plaintiff Sheena Frazier, in satisfaction of all claims asserted by Plaintiff Frazier in the above-captioned action in the amount of $1,906.25, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

     4.     That judgment be entered against Defendants in favor of Plaintiff Daniella Gibbs, in satisfaction of all claims asserted by Plaintiff Gibbs in the above-captioned action in the amount of $ 1,840.05, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   5. That judgment be entered against Defendants in favor of Plaintiff Michelle Gibbs, in satisfaction of all claims asserted by Plaintiff Gibbs in the above-captioned action in the amount of $ 1,669.68, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   6. That judgment be entered against Defendants in favor of Plaintiff Tammy Hall, in satisfaction of all claims asserted by Plaintiff Hall in the above-captioned action in the amount of $ 1,889.78, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   7. That judgment be entered against Defendants in favor of Plaintiff Larissa Miller, in satisfaction of all claims asserted by Plaintiff Miller in the above-captioned action in the amount of $ 244.65, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   8. That judgment be entered against Defendants in favor of Plaintiff Bonnie Rhoads, in satisfaction of all claims asserted by Plaintiff Rhoads in the above-captioned action in the amount of $ 1,601.89, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   9. That judgment be entered against Defendants in favor of Plaintiff Inez Smith, in satisfaction of all claims asserted by Plaintiff Smith in the above-captioned action in the amount of $402.50, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   10. That judgment be entered against Defendants in favor of Plaintiff Lisa Stanley, in satisfaction of all claims asserted by Plaintiff Stanley in the above-captioned action in the amount of $952.75, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   11. That judgment be entered against Defendants in favor of Plaintiff Latoya Byrd, in satisfaction of all claims asserted by Plaintiff Byrd in the above-captioned action in the amount of $1003.19, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   12. That judgment be entered against Defendants in favor of Plaintiff Katrina Cannon, in satisfaction of all claims asserted by Plaintiff Cannon in the above-captioned action in the amount of $303.75, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

13. That judgment be entered against Defendants in favor of Plaintiff Courtney Eaton, in satisfaction of all claims asserted by Plaintiff Eaton in the above-captioned action in the amount of $631.13, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

14. That judgment be entered against Defendants in favor of Plaintiff Natisha Harmon, in satisfaction of all claims asserted by Plaintiff Harmon in the above-captioned action in the amount of $150.00, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

15. That judgment be entered against Defendants in favor of Plaintiff Brian Hoover, in satisfaction of all claims asserted by Plaintiff Hoover in the above-captioned action in the amount of $531.57, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

16. That judgment be entered against Defendants in favor of Plaintiff Cecelia Johnson, in satisfaction of all claims asserted by Plaintiff Johnson in the above-captioned action in the amount of $815.58, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

17. That judgment be entered against Defendants in favor of Plaintiff Kisha Jones, in satisfaction of all claims asserted by Plaintiff Jones in the above-captioned action in the amount of $1,087.88, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

18. That judgment be entered against Defendants in favor of Plaintiff Mitchell Ryan, in satisfaction of all claims asserted by Plaintiff Ryan in the above-captioned action in the amount of $1,083.44, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

19. That judgment be entered against Defendants in favor of Plaintiff June Schavelin, in satisfaction of all claims asserted by Plaintiff Schavelin in the above-captioned action in the amount of $1,407.11, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

20. That judgment be entered against Defendants in favor of Plaintiff Christina Singleton, in satisfaction of all claims asserted by Plaintiff Singleton in the above-captioned action in the amount of $496.13, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   21. That judgment be entered against Defendants in favor of Plaintiff Melissa Wagner, in satisfaction of all claims asserted by Plaintiff Wagner in the above-captioned action in the amount of $224.44, plus reasonable fees and costs accrued as of December 31, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   22. That judgment be entered against Defendants in favor of Plaintiff Tanya Brown, in satisfaction of all claims asserted by Plaintiff Brown in the above-captioned action in the amount of $782.26, plus reasonable fees and costs accrued as of January 24, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   23. That judgment be entered against Defendants in favor of Plaintiff Lynell Jones, in satisfaction of all claims asserted by Plaintiff Jones in the above-captioned action in the amount of $125.00, plus reasonable fees and costs accrued as of January 24, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   24. That judgment be entered against Defendants in favor of Plaintiff Megan Jones, in satisfaction of all claims asserted by Plaintiff Jones in the above-captioned action in the amount of $125.00, plus reasonable fees and costs accrued as of January 24, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   25. That judgment be entered against Defendants in favor of Plaintiff Agnes Murphy, in satisfaction of all claims asserted by Plaintiff Murphy in the above-captioned action in the amount of $424.00, plus reasonable fees and costs accrued as of January 24, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   26. That judgment be entered against Defendants in favor of Plaintiff Debra Wise, in satisfaction of all claims asserted by Plaintiff Wise in the above-captioned action in the amount of $1,349.42, plus reasonable fees and costs accrued as of January 24, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

   27. That judgment be entered against Defendants in favor of Plaintiff Penny Parker, in satisfaction of all claims asserted by Plaintiff Parker in the above-captioned action in the amount of $1,371.37, plus reasonable fees and costs accrued as of February 12, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

28. That judgment be entered against Defendants in favor of Plaintiff Jessica McGinnis, in satisfaction of all claims asserted by Plaintiff McGinnis in the above-captioned action in the amount of $1,252.72, plus reasonable fees and costs accrued as of February 12, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

29. That judgment be entered against Defendants in favor of Plaintiff Donnika Custis, in satisfaction of all claims asserted by Plaintiff Custis in the above-captioned action in the amount of $1,367.59, plus reasonable fees and costs accrued as of February 12, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

30. That judgment be entered against Defendants in favor of Plaintiff Kanika Wright, in satisfaction of all claims asserted by Plaintiff Wright in the above-captioned action in the amount of $823.18, plus reasonable fees and costs accrued as of February 12, 2013, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

31. That judgment be entered against Defendants in favor of Plaintiff Demetrius Bailey, in satisfaction of all claims asserted by Plaintiff Bailey in the above-captioned action in the amount of $1,762.13, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

32. That judgment be entered against Defendants in favor of Plaintiff Mary Ann Bailey, in satisfaction of all claims asserted by Plaintiff Bailey in the above-captioned action in the amount of $1,771.80, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

33. That judgment be entered against Defendants in favor of Plaintiff Deborah Bethard, in satisfaction of all claims asserted by Plaintiff Bethard in the above-captioned action in the amount of $210.00, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

34. That judgment be entered against Defendants in favor of Plaintiff Ivonia Brinelus, in satisfaction of all claims asserted by Plaintiff Brinelus in the above-captioned action in the amount of $834.30, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

35. That judgment be entered against Defendants in favor of Plaintiff Tiffany Byrd, in satisfaction of all claims asserted by Plaintiff Byrd in the above-captioned action in the amount of $845.18, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

36. That judgment be entered against Defendants in favor of Plaintiff Danielle Cannon, in satisfaction of all claims asserted by Plaintiff Cannon in the above-captioned action in the amount of $275.63, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

37. That judgment be entered against Defendants in favor of Plaintiff Catrina Dorman, in satisfaction of all claims asserted by Plaintiff Dorman in the above-captioned action in the amount of $1,533.70, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

38. That judgment be entered against Defendants in favor of Plaintiff Sharon Edwards, in satisfaction of all claims asserted by Plaintiff Edwards in the above-captioned action in the amount of $3008.18, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

39. That judgment be entered against Defendants in favor of Plaintiff Darrus Finney, in satisfaction of all claims asserted by Plaintiff Finney in the above-captioned action in the amount of $1,874.78, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

40. That judgment be entered against Defendants in favor of Plaintiff Josephine Harmon, in satisfaction of all claims asserted by Plaintiff Harmon in the above-captioned action in the amount of $1,204.73, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

41. That judgment be entered against Defendants in favor of Plaintiff Chris Harris, in satisfaction of all claims asserted by Plaintiff Harris in the above-captioned action in the amount of $1,948.05, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

42. That judgment be entered against Defendants in favor of Plaintiff Valerie Hall, in satisfaction of all claims asserted by Plaintiff Hall in the above-captioned action in the amount of $1,036.35, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

43. That judgment be entered against Defendants in favor of Plaintiff Janita Holden, in satisfaction of all claims asserted by Plaintiff Holden in the above-captioned action in the amount of $1,578.99, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

44. That judgment be entered against Defendants in favor of Plaintiff Kisha Huggins, in satisfaction of all claims asserted by Plaintiff Huggins in the above-captioned action in the amount of $1,650.81, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

45. That judgment be entered against Defendants in favor of Plaintiff Patricia Johnson, in satisfaction of all claims asserted by Plaintiff Johnson in the above-captioned action in the amount of $1,576.95, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

46. That judgment be entered against Defendants in favor of Plaintiff Elcie Leroy, in satisfaction of all claims asserted by Plaintiff Leroy in the above-captioned action in the amount of $870.00, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

47. That judgment be entered against Defendants in favor of Plaintiff Teresa Lewis, in satisfaction of all claims asserted by Plaintiff Lewis in the above-captioned action in the amount of $2045.08, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

48. That judgment be entered against Defendants in favor of Plaintiff Tykisna Morris, in satisfaction of all claims asserted by Plaintiff Morris in the above-captioned action in the amount of $1,985.79, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

49. That judgment be entered against Defendants in favor of Plaintiff Latoya Norman, in satisfaction of all claims asserted by Plaintiff Norman in the above-captioned action in the amount of $2,174.58, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

50. That judgment be entered against Defendants in favor of Plaintiff Joanna Ortiz, in satisfaction of all claims asserted by Plaintiff Cannon in the above-captioned action in the amount of $2,162.44, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

51.     That judgment be entered against Defendants in favor of Plaintiff Camille Parker, in satisfaction of all claims asserted by Plaintiff Parker in the above-captioned action in the amount of $2204.55, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

52.     That judgment be entered against Defendants in favor of Plaintiff Koren Perkins, in satisfaction of all claims asserted by Plaintiff Perkins in the above-captioned action in the amount of $2085.63, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

53.     That judgment be entered against Defendants in favor of Plaintiff Larrisha Purnell (Johnson), in satisfaction of all claims asserted by Plaintiff Purnell in the above-captioned action in the amount of $1231.45, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

54.     That judgment be entered against Defendants in favor of Plaintiff Melissa Purnell, in satisfaction of all claims asserted by Plaintiff Purnell in the above-captioned action in the amount of $150.00, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

55.     That judgment be entered against Defendants in favor of Plaintiff Dena Rayne, in satisfaction of all claims asserted by Plaintiff Rayne in the above-captioned action in the amount of $2124.55, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

56.     That judgment be entered against Defendants in favor of Plaintiff Ellen Reynolds, in satisfaction of all claims asserted by Plaintiff Reynolds in the above-captioned action in the amount of $1618.13, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

57.     That judgment be entered against Defendants in favor of Plaintiff Lynterica Ross, in satisfaction of all claims asserted by Plaintiff Ross in the above-captioned action in the amount of $1413.95, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

58. That judgment be entered against Defendants in favor of Plaintiff Faye Smith, in satisfaction of all claims asserted by Plaintiff Smith in the above-captioned action in the amount of $1897.13, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

59. That judgment be entered against Defendants in favor of Plaintiff Lillian Smith, in satisfaction of all claims asserted by Plaintiff Smith in the above-captioned action in the amount of $150.00, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

60. That judgment be entered against Defendants in favor of Plaintiff Ellen Tull, in satisfaction of all claims asserted by Plaintiff Tull in the above-captioned action in the amount of $1169.10, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

61. That judgment be entered against Defendants in favor of Plaintiff Sandi Vann, in satisfaction of all claims asserted by Plaintiff Vann in the above-captioned action in the amount of $1691.55, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

62. That judgment be entered against Defendants in favor of Plaintiff Kenyette Williams, in satisfaction of all claims asserted by Plaintiff Williams in the above-captioned action in the amount of $1258.90, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

63. That judgment be entered against Defendants in favor of Plaintiff Amy Bates, in satisfaction of all claims asserted by Plaintiff Bates in the above-captioned action in the amount of $2146.08, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

64. That judgment be entered against Defendants in favor of Plaintiff Natina Bright, in satisfaction of all claims asserted by Plaintiff Bright in the above-captioned action in the amount of $1884.60, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

65. That judgment be entered against Defendants in favor of Plaintiff Janice Brittingham, in satisfaction of all claims asserted by Plaintiff Brittingham in the above-captioned action in the amount of $889.88, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

66.     That judgment be entered against Defendants in favor of Plaintiff Corinne Cooper, in satisfaction of all claims asserted by Plaintiff Cooper in the above-captioned action in the amount of $261.30, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

67.     That judgment be entered against Defendants in favor of Plaintiff Janet Deering, in satisfaction of all claims asserted by Plaintiff Deering in the above-captioned action in the amount of $2207.63, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

68.     That judgment be entered against Defendants in favor of Plaintiff Latoya Gardner, in satisfaction of all claims asserted by Plaintiff Gardner in the above-captioned action in the amount of $150.00, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

69.     That judgment be entered against Defendants in favor of Plaintiff Linda Myers, in satisfaction of all claims asserted by Plaintiff Myers in the above-captioned action in the amount of $1178.55, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

70.     That judgment be entered against Defendants in favor of Plaintiff Alfreda Scott, in satisfaction of all claims asserted by Plaintiff Scott in the above-captioned action in the amount of $849.50, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

71.     That judgment be entered against Defendants in favor of Plaintiff Clermite Thibeau, in satisfaction of all claims asserted by Plaintiff Thibeau in the above-captioned action in the amount of $1267.50, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

72.     That judgment be entered against Defendants in favor of Plaintiff April Tiggs, in satisfaction of all claims asserted by Plaintiff Tiggs in the above-captioned action in the amount of $856.93, plus reasonable fees and costs accrued as of December 14, 2012, in an amount to be agreed to by the parties and approved by the Court or, if the parties are unable to agree, in an amount to be determined by the Court.

| | |
|---|---|
| ROSENTHAL, MONHAIT & GODDESS, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ Carmella P. Keener* | */s/ Margaret M. DiBianca* |
| Carmella P. Keener, Esq. (No. 2810)<br>919 Market Street, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899<br>Telephone:  (302) 656-4433<br>Email:  CKeener@RMGGLaw.com | Barry M. Willoughby, Esq. (No. 1016)<br>Scott A. Holt, Esq. (No. 3399)<br>Margaret M. DiBianca, Esq. (No. 4539)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6666<br>Facsimile: (302) 571-3345<br>Email: bwilloughby@ycst.com<br>*Attorneys for Defendants* |
| and | |
| MURPHY ANDERSON PLLC<br>Michael T. Anderson, Esq.<br>Mark Hanna, Esq.<br>Renee Gerni, Esq.<br>*Admitted Pro Hac Vice*<br>1701 K Street NW, Suite 210<br>Washington, DC  20006<br>Telephone:  (202) 223-2620<br>Facsimile:  (202) 223-8651<br>Email:  rgerni@murphypllc.com<br>*Attorneys for Plaintiffs* | |

SO ORDERED this _____day of _____, 2014.

_____
Richard G. Andrews, U.S.D.J.